6. APPEAL AND ERROR, § 1512*—*when rulings harmless error.* In a proceeding for the violation of the ordinance of the City of Chicago regulating the sale of cocaine, where a judgment against defendant was bound to. follow the undisputed facts and the jury fixed the minimum penalty for the offense, error of the court in its rulings and remarks is not ground for reversal.

Elmer E. Challenger, Defendant in Error, v. Merchants & Miners Bank, Plaintiff in Error. First National Bank, Garnishee.

Gen. No. 20,589.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed May 11, 1915. Rehearing denied and opinion modified May 25, 1915.

## Statement of the Case.

Attachment by Elmer E. Challenger, plaintiff, against Merchants & Miners Bank, a corporation, defendant, First National Bank of Chicago being summoned as garnishee, to recover the sum of $815, principal and interest alleged to be due upon a certain check which defendant had certified.

The evidence showed that in the latter part of September, 1913, one Heider, representing the Commonwealth Corporation (a Delaware corporation, with office in Detroit, Michigan), went to Calumet, Michigan, for the purpose of selling certain of the capital stock and bonds of that company. Among others he called upon Norman MacDonald, Dr. William T. King and Harry E. King. MacDonald and Dr. King and the wife of Harry E. King were all stockholders of the Metropolitan State Bank of Detroit, Michigan. Heider

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

falsely represented to said parties that the Commonwealth Corporation was affiliated with said Metropolitan State Bank and was organized by said bank for the purpose of handling a certain class of investments which the bank could not deal in under Michigan laws. As a result of Heider's negotiations with said parties separately, MacDonald agreed to purchase thirty shares of the capital stock of the Commonwealth Corporation and a bond of the company, with the understanding that said securities would be sent to defendant for delivery to MacDonald upon payment of the agreed price; Dr. King purchased fifteen shares of stock and a bond of the company, received a certificate for said shares and the bond, and gave a New York draft of the defendant for $1,500 in payment therefor; and Harry E. King purchased eight shares of stock and a bond of the company, received a certificate for eight shares and the bond, and delivered to Heider his (King's) personal check for $800, dated October 1, 1913, drawn on the defendant, and payable to the order of the Commonwealth Corporation. Heider at once presented said check for certification and the same was certified by the defendant on October 1, 1913, and returned to Heider. This is the check sued on in the present action. The Commonwealth Corporation transferred it by indorsement to the Hanover Bank of Lucey & Company, of Hanover, Michigan, and that bank indorsed and sent it to the La Salle Street Trust & Savings Bank of Chicago, which bank indorsed it and forwarded it to the defendant for collection and remittance, but said defendant refused to pay the check, caused it to be protested and returned it to said La Salle Street Bank of Chicago, which bank returned it to said Hanover Bank.

Subsequently the Hanover Bank indorsed and delivered the check to the plaintiff, Elmer E. Challenger. Plaintiff testified that the Hanover Bank was indebted to him for certain legal services rendered; that upon

his making demand of payment for said services a representative of that bank suggested his taking said check in payment of his services; that after investigation he accepted the check in payment of said services, and that he never had any dealings or relations with the Commonwealth Corporation.

On October 2, 1913, the day after Harry E. King had delivered said check to Heider, King learned that Heider's representations that the Metropolitan State Bank was affiliated with the Commonwealth Corporation were false. King had been induced on the strength of those representations to purchase said eight shares of stock and the bond. He immediately communicated with W. B. Anderson, vice-president and general manager of the defendant, and requested him to stop payment of said check and "to try and recover the same." About the same time MacDonald and Dr. King received the same information and they also communicated with Anderson. On October 3, 1913, Anderson, as such vice-president and general manager, wrote the following letter to the Commonwealth Corporation, which that company received but to which it made no reply:

"You will find enclosed certificate #115 for 30 shares of the capital stock of the Commonwealth Corporation in the name of Norman MacDonald, and bond #512 for $3,000.00, received by mail from your Mr. Heider, for the account of Mr. Norman MacDonald. Mr. MacDonald has requested us to say to you that he does not wish to take said securities.

"Your Mr. Heider sold to Dr. William T. King of Ahmeek $1,500.00 of securities issued by your corporation, and he also sold to Mr. Harry E. King, of Laurium, $800.00 of said securities. These three gentlemen have requested us to say to you that said securities were sold to them under false representations, and we were requested to stop payment of our New York draft for $1,500.00 issued in payment of securities sold to Dr. William T. King, and payment has also been

stopped on certified check issued in payment of securities sold to Mr. Harry E. King.

"If you will return to this bank the New York draft and certified check aforementioned, we shall send to you the securities sold to Dr. William T. King and Mr. Harry E. King."

The case was tried before the court without a jury and the issues as to the attachment and as to the merits were found against defendant, and plaintiff's damages were assessed at $815.

Upon this finding judgment was rendered, sustaining the attachment, that plaintiff recover of defendant $815 and that defendant have judgment on the answer of the garnishee and recover said sum of the garnishee for the use of the plaintiff.

To reverse this judgment, defendant sues out this writ of error.

MILLER, STARR, PACKARD & PECKHAM, for plaintiff in error; CHARLES L. COBB, of counsel.

M. E. GALLION and ELMER J. TONE, for defendant in error.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 276*—*what sufficient rescission.* It is not sufficient for one who desires to rescind a contract merely to signify an intention to rescind, but he must either return the property purchased or tender it to the vendor.

2. CONTRACTS, § 278*—*when conditional tender of rescission insufficient.* A conditional tender of rescission is insufficient.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.